**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TG—2006 HOLDINGS, LLC,<br>*Plaintiff,*<br>v.<br>WRIKE, INC.,<br>*Defendant.* | C.A. No. 3:24-cv-214-JJB<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT WRIKE, INC.'S ANSWER**
**<u>TO PLAINTIFF TG—2006 HOLDINGS, LLC'S COMPLAINT</u>**

Defendant Wrike, Inc. ("Defendant" or "Wrike"), by its undersigned counsel, hereby responds to each of the numbered paragraphs in the Complaint filed by Plaintiff TG—2006 Holdings, LLC ("Plaintiff" or "TG") against Wrike as set forth below. All paragraph references refer to the corresponding paragraph in the Complaint. Unless specifically admitted, Wrike denies each and every allegation made by Plaintiff in the Complaint. For ease of reference, Wrike refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**Complaint No. 1:** Plaintiff TG--2006 Holdings, LLC ("Plaintiff"), through its attorneys, complains of Wrike, Inc. ("Defendant"), and alleges the following:

**Answer to Complaint No. 1:** Wrike admits that Plaintiff has filed the Complaint. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 1 of the Complaint.

## PARTIES

**Complaint No. 2:** Plaintiff TG--2006 Holdings, LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 111 Congress Avenue, Suite 500 Austin Texas 78701.

**Answer to Complaint No. 2:** Wrike is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies them.

**Complaint No. 3:** Defendant Wrike, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 5960 Berkshire Ln Ste 600 Dallas, TX 75225-6067.

**Answer to Complaint No. 3:** Wrike admits that it is a Delaware corporation. Wrike denies that it maintains an established place of business at 5960 Berkshire Ln Ste 600 Dallas, TX 75225-6067. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 3 of the Complaint.

## JURISDICTION

**Complaint No. 4:** This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**Answer to Complaint No. 4:** Wrike admits that Plaintiff purports to bring a patent infringement action under Title 35 of the United States Code, but Wrike denies it has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 4 of the Complaint.

**Complaint No. 5:** This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Complaint No. 5:** Wrike admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 5 of the Complaint.

**Complaint No. 6:** This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**Answer to Complaint No. 6:** Wrike denies that it has engaged in systematic and continuous business activities in this District. Wrike denies it has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 6 of the Complaint.

**VENUE**

**Complaint No. 7:** Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

**Answer to Complaint No. 7:** Wrike denies that it has an established place of business in this District. Wrike denies it has infringed any valid and enforceable patent claim or that Plaintiff is entitled to any relief. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 7 of the Complaint.

**PATENTS-IN-SUIT**

**Complaint No. 8:** Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 9,454,741; and 9,805,323 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers

of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**Answer to Complaint No. 8:** Wrike is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

**THE ‘741 PATENT**

**Complaint No. 9:** The ’741 Patent is entitled “System and method for tracking information in a business environment,” and issued 2016-09-27. The application leading to the ’741 Patent was filed on 2013-11-12. A true and correct copy of the ’741 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**Answer to Complaint No. 9:** Wrike admits that U.S. Patent No. 9,454,741, entitled “System And Method For Tracking Information In A Business Environment,” lists the issue date on the face of the patent as September 27, 2016. Wrike admits that U.S. Patent App. No. 14/078,093 is listed on the face of the’741 Patent and that the filing date of this patent application is listed as November 12, 2013. Wrike admits that what appears to be a copy of the ’741 Patent is attached to the Complaint as Exhibit 1. Wrike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and therefore denies them.

**THE ‘323 PATENT**

**Complaint No. 10:** The ’323 Patent is entitled “System and method for tracking information in a business environment,” and issued 2017-10-31. The application leading to the ’323 Patent was filed on 2016-09-27. A true and correct copy of the ’323 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

**Answer to Complaint No. 10:** Wrike admits that U.S. Patent No. 9,805,323, entitled "System And Method For Tracking Information In A Business Environment," lists the issue date on the face of the patent as October 31, 2017. Wrike admits that U.S. Patent App. No. 15/277,865 is listed on the face of the'323 Patent and that the filing date of this patent application is listed as September 27, 2016. Wrike admits that what appears to be a copy of the '323 Patent is attached to the Complaint as Exhibit 2. Wrike is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore denies them.

**COUNT 1: INFRINGEMENT OF THE '741 PATENT**

**Complaint No. 11:** Plaintiff incorporates the above paragraphs herein by reference.

**Answer to Complaint No. 11:** Wrike incorporates its responses to the above paragraphs herein by reference.

**Complaint No. 12: Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '741 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '741 Patent also identified in the charts incorporated into this Count below (the "Exemplary '741 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '741 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**Answer to Complaint No. 12:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 12 of the Complaint.

**Complaint No. 13:** Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary ’741 Patent Claims, by having its employees internally test and use these Exemplary Products.

**Answer to Complaint No. 13:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 13 of the Complaint.

**Complaint No. 14: Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**Answer to Complaint No. 14:** Wrike admits that it was served with a copy of the Complaint. Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 14 of the Complaint.

**Complaint No. 15:** Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ’741 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’741 Patent. See Exhibit 3 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**Answer to Complaint No. 15:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 15 of the Complaint.

**Complaint No. 16: Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the ’741 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the ’741 Patent.

**Answer to Complaint No. 16:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 16 of the Complaint.

**Complaint No. 17:** Exhibit 3 includes charts comparing the Exemplary ’741 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’741 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’741 Patent Claims.

**Answer to Complaint No. 17:** Wrike admits that a chart purportedly relating to the ’741 patent is attached as Exhibit 3 to the Complaint. Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 17 of the Complaint.

**Complaint No. 18:** Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

**Answer to Complaint No. 18:** Wrike admits that a chart purportedly relating to the ’741 patent is attached as Exhibit 3 to the Complaint. Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 18 of the Complaint.

**Complaint No. 19:** Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**Answer to Complaint No. 19:** Denied.

**COUNT 2: INFRINGEMENT OF THE ‘323 PATENT**

**Complaint No. 20:** Plaintiff incorporates the above paragraphs herein by reference.

**Answer to Complaint No. 20:** Wrike incorporates its responses to the above paragraphs herein by reference.

**Complaint No. 21: Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the ’323 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the “Exemplary Defendant Products”) that infringe at least the exemplary claims of the ’323 Patent also identified in the charts incorporated into this Count below (the “Exemplary ’323 Patent Claims”) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the ’323 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**Answer to Complaint No. 21:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 21 of the Complaint.

**Complaint No. 22:** Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary ’323 Patent Claims, by having its employees internally test and use these Exemplary Products.

**Answer to Complaint No. 22:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 22 of the Complaint.

**Complaint No. 23: Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

**Answer to Complaint No. 23:** Wrike admits that it was served with a copy of the Complaint. Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 23 of the Complaint.

**Complaint No. 24:** Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the ’323 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the ’323 Patent. See Exhibit 4 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

**Answer to Complaint No. 24:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 24 of the Complaint.

**Complaint No. 25: Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the ’323 Patent, literally or by the doctrine of equivalents,

by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the ’323 Patent.

**Answer to Complaint No. 25:** Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 25 of the Complaint.

**Complaint No. 26:** Exhibit 4 includes charts comparing the Exemplary ’323 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the ’323 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary ’323 Patent Claims.

**Answer to Complaint No. 26:** Wrike admits that a chart is attached as Exhibit 4 to the Complaint. Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 26 of the Complaint.

**Complaint No. 27:** Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

**Answer to Complaint No. 27:** Wrike admits that a chart is attached as Exhibit 4 to the Complaint. Wrike denies it has infringed any valid and enforceable patent claim. Except as specifically admitted herein, Wrike denies the remaining allegations of Paragraph 27 of the Complaint.

**Complaint No. 28:** Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**Answer to Complaint No. 28:** Denied.

## JURY DEMAND

**Complaint No. 29:** Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**Answer to Complaint No. 29:** This paragraph sets forth Plaintiff's request for a jury trial to which no response is required.

## ANSWER TO PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff, to which no response is required. Wrike denies that Plaintiff is entitled to any relief requested in its Prayer for Relief, or any other relief whatsoever, and specifically denies all the allegations and prayers for relief in paragraphs A through G of Plaintiff's Prayer for Relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Wrike denies all remaining allegations in the Complaint.

## DEFENDANT'S AFFIRMATIVE AND ADDITIONAL DEFENSES

Further answering Plaintiff's Complaint, Wrike asserts the following affirmative and additional defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them. Wrike reserves the right to amend its answer with additional defenses as further information is obtained through discovery. Pursuant to Federal Rule of Civil Procedure 8(c), Wrike, without waiver, limitation, or prejudice, hereby asserts the following defenses:

### First Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**
**(Non-infringement)**

Wrike has not and does not infringe, directly or indirectly, any valid and enforceable claim of Plaintiff's Patents-in-Suit, either literally or under the Doctrine of Equivalents, or willfully and has not otherwise committed any acts in violation of 35 U.S.C. § 271. Wrike has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiff.

**Third Defense**
**(Invalidity)**

Plaintiff's Patents-in-Suit are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or any other applicable statutory provisions of Title 35 of the United States Code.

**Fourth Defense**
**(No Injury)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damage or injury as a result of any act or conduct by Wrike.

**Fifth Defense**
**(Statutory Limitation of Damages)**

To the extent that Plaintiff and/or any predecessors in interest or any licensees to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise failed to give proper notice that Wrike's actions allegedly infringe Plaintiff's Patents-in-Suit, Wrike is not liable to Plaintiff for the acts alleged to have been performed before Wrike received actual notice that the accused products were allegedly infringing Plaintiff's Patents-in-Suit.

Plaintiff's claims for relief are further barred, in whole or in part, under 35 U.S.C. §§ 286 and 288.

Plaintiff's recovery for alleged infringement of the Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

Plaintiff failed to give proper notice to Wrike of its claims under the patent laws of the United States and has failed to establish any basis for damages and/or liability prior to patent issuance.

**Sixth Defense**
**(Lack of Standing)**

To the extent Plaintiff did not, or does not, hold all substantial rights, title, and interest in the Patents-in-Suit, Plaintiff lacks standing to bring, or maintain, this lawsuit.

**Seventh Defense**
**(Failure to Mitigate Damages)**

To the extent Plaintiff has suffered any damages, Plaintiff has failed to take reasonable steps to mitigate such damages.

**Eighth Defense**
**(Prosecution History Estoppel)**

Plaintiff's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

**Ninth Defense**
**(Inconvenient Venue)**

Venue in this District is not convenient pursuant to 28 U.S.C. § 1404 and Wrike reserves the right to seek transfer to a more appropriate or convenient forum.

**Tenth Defense**
**(Doctrine of Ensnarement)**

Plaintiff's infringement claims are barred by the doctrine of ensnarement. Plaintiff is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

**Eleventh Defense**
**(No Exceptional Case)**

If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**Twelfth Defense**
**(Equitable Defenses)**

Plaintiff is barred from recovering in this suit under the doctrines of laches, estoppel, waiver, unclean hands and/or acquiescence.

**Thirteenth Defense**
**(Lack of Personal Jurisdiction)**

This Court does not have personal jurisdiction over Wrike. Wrike has not engaged in systematic and continuous business activities in this District. Wrike has not infringed any valid and enforceable patent claim of Plaintiff's Patents-in-Suit in this District or anywhere else.

**RESERVATION OF ALL AFFIRMATIVE DEFENSES**

Wrike presently has insufficient knowledge or information to determine whether it may have additional, yet unstated defenses. Wrike has not knowingly or intentionally waived any applicable defenses. Wrike hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues or discovery may require.

## PRAYER FOR RELIEF

WHEREFORE, Wrike prays for judgment as follows:

a. A judgment dismissing the Complaint against Wrike with prejudice;

b. That Plaintiff take nothing by reason of its Complaint;

c. That the Court enter an order under 35 U.S.C. § 285, awarding Wrike its reasonable attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

d. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Wrike demands a trial by jury on all claims and issues so triable.

Dated: April 8, 2024

Respectfully submitted,

*/s/ Robert Hoffman*

Robert Hoffman
**DLA Piper LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Telephone: 214.743.4500
Facsimile: 214.743.4545
rob.hoffman@us.dlapiper.com

Michael Strapp (*admitted pro hac vice*)
Safraz Ishmael (*admitted pro hac vice*)
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: 617.406.6031
Facsimile: 617.406.6100
michael.strapp@us.dlapiper.com
safraz.ishmael@us.dlapiper.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 8, 2024.

*/s/ Robert Hoffman*
Robert Hoffman